IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| TIMOTHY E. HORAN | : | |
| | : | |
| v. | : | |
| | : | Civil Action No. CCB-09-3356 |
| MARC H. BAER, TRUSTEE | : | Adversary No. 03-8208DK |
| | : | |

...o0o...

**MEMORANDUM**

Timothy Horan, representing himself, has filed an appeal from an Order and several Judgments entered by Chief Bankruptcy Judge Duncan W. Keir on November 2, 2009 in Adversary Proceeding No. 03-8208. (Trustee's Brief, Appx. Tab 5-8). The Chapter 7 Trustee has filed a response. This court has reviewed the briefs and exhibits, including Judge Keir's oral findings of fact and conclusions of law (Appx. Tab 9). Findings of fact have been reviewed for clear error; conclusions of law have been reviewed *de novo*. *See Butler v. NationsBank, N.A.*, 58 F.3d 1022, 1026 (4th Cir. 1995). For the reasons that follow, Judge Keir's rulings will be affirmed.

First, the bankruptcy court did not abuse its discretion in accepting the expert evaluation testimony proffered by the Trustee's witness, Brent Solomon, and limiting the testimony of the debtors' accountant, Gary T. Mott, to preparation and analysis of tax returns and accounting matters not including business insolvency valuation, based on their respective backgrounds. *See* Fed. R. Ev. 702.

Second, the court did not clearly err in its finding of fact that Frank DePew's infusion of cash into the debtors' business over several years was a loan that never turned into a purchase of

stock. From the oral ruling, it appears that Judge Keir did not simply rely on his evaluation of Mr. DePew's credibility, as to which Mr. Horan offers "new evidence," but rather on the debtors' own characterization of the funds on their tax returns, balance sheets, and K-1s, as well as the continuing Subchapter S corporate structure. (Trustee's Brief, Appx. Tab 9 at 47-50).

Third, the court's Judgment in the amount of $64,653.62 in favor of the Trustee and against Timothy and Valerie Horan, Appx. Tab 8, does not rest on money returned to the companies as reflected in the Horans' cancelled checks; rather, it constitutes the $62,732.34 transfer from Chesapeake Smart Homes to the Horans as forgiveness of shareholder loans, and a prepetition salary payment to Valerie Horan from Chesapeake Smart Homes in the amount of $1,921.28.

Fourth, as to the forgiveness of shareholder loans, the bankruptcy court concluded that the $62,732.34 referred to above and an additional $49,864.73 transfer to the Horans from American Smart Homes resulted from a recharacterization of loans as income that was done at a time when the debtor companies were insolvent, thus constituting either preferential (11 U.S.C. § 547) or fraudulent (11 U.S.C. § 548) transfers. Appx. Tab 9 at 44-46.[1] No error has been shown by Mr. Horan.

Fifth, the court did not err in finding that the receivables collected from a customer, Mr. Staley, in the amount of $33,991.70, represented payment for services contracted for and performed before the petition date; when Mr. Horan essentially rebilled Mr. Staley in the name

---

[1] The $49,864.73 is included in the judgment for $55,881.17 entered against the Horans on November 2, 2009, Trustee's Brief, Appx. Tab 7, together with other items not challenged on appeal.

2

of his new company that constituted conversion.[2]  To the extent the decision rests on a credibility determination by the trial court, Appx. Tab 9 at 53, no clear error has been shown.

Finally, the issue concerning the right of Mr. Depew and CASH Holding LLC to act as creditor(s) was not properly raised before the bankruptcy court and has not been preserved for appeal.

Accordingly, a separate Order will be entered affirming the Order and Judgments entered by the bankruptcy court.


Date:  February 11, 2011                              /s/
                                             Catherine C. Blake
                                             United States District Judge

---

[2] Judgment in the amount of $33,991.70 was entered against Mr. Horan and Smart American Homes on November 2, 2009.  Appx. Tab 6.